99 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee, Cross-Appellant,
v.
Pemba Rita SHERPA, Defendant-Appellant, Cross-Appellee.
 No. 95-50007, 95-50054.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 7, 1996.
Decided Oct. 08, 1996.
 
 1
 Before: WALLACE and T.G. NELSON, Circuit Judges, and BROWNING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Pemba Rita Sherpa, a native and citizen of Nepal, appeals the district court's denial of his motions to suppress post-arrest statements, to admit expert testimony, and to declare a mistrial based on alleged prosecutorial misconduct in his jury trial for possession of heroin with intent to distribute and importation of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 952(a). We affirm the conviction.[1]
 
 
 4
 1. Motion to suppress based on alleged Miranda violation.
 
 
 5
 To be valid, a waiver of Miranda rights "must be voluntarily, knowingly, and intelligently made." United States v. Bernard S., 795 F.2d 749, 751 (9th Cir.1986) (citing Miranda v. Arizona, 384 U.S. 436, 479 (1966)). "Whether there has been a valid waiver depends on the totality of the circumstances, including the background, experience, and conduct of defendant." Id. (citing North Carolina v. Butler, 441 U.S. 369, 374-75 (1979)).
 
 
 6
 While language difficulties are a factor to be considered, id., a defendant's ability to converse in English carries substantial weight. Id. at 752 and 752 n. 2. See also United States v. Martinez, 588 F.2d 1227, 1235 (9th Cir.1978) (defendant's claim he did not understand the dialect in which the warnings were read was "seriously weakened" by his ability to converse with the officer who read him the warnings). Like the defendant in Bernard S., Sherpa conversed at length with the agents in English, indicated he understood what they were saying to him, and signed a written waiver.
 
 
 7
 In light of these facts, we hold that the district court did not clearly err in holding Sherpa validly waived his Miranda rights. Bernard S., 795 F.2d at 751. We affirm the district court's denial of Sherpa's motion to suppress.
 
 
 8
 2. Motion to allow expert testimony.
 
 
 9
 "We review the district court's denial of an in limine motion for an abuse of discretion." United States v. Wallace, 848 F.2d 1464, 1472 (9th Cir.1988). See also United States v. Ravel, 930 F.2d 721, 726 (9th Cir.) (a district court's order precluding certain testimony is an evidentiary ruling subject to review for abuse of discretion), cert. denied, 502 U.S. 911 (1991).
 
 
 10
 While the district court might permissibly have allowed the testimony of Dr. Fisher, it was under no obligation to do so. The court's decision to exclude it was therefore not an abuse of discretion.
 
 
 11
 3. Alleged prosecutorial misconduct.
 
 
 12
 A trial court's ruling on prosecutorial comments to which the defense objected at trial is reviewed for abuse of discretion. United States v. Santiago, 46 F.3d 885, 892 (9th Cir.), cert. denied, 115 S.Ct. 2617 (1995). "[I]mproprieties in counsel's arguments to the jury do not constitute reversible error unless they prejudice the defendant and that prejudice has not been remedied by the trial judge." United States v. Lopez-Alvarez, 970 F.2d 583, 597 (9th Cir.), cert. denied, 506 U.S. 989 (1992).
 
 
 13
 Sherpa argues that the prosecutor's statements were tantamount to Griffin error, where the prosecutor impermissibly comments on the defendant's refusal to testify. See Griffin v. State of California, 380 U.S. 609 (1965). This argument is unconvincing particularly because Sherpa did testify. Thus, the prosecutor did not comment on Sherpa's refusal to testify, but on his decision to use an interpreter rather than speak for himself.
 
 
 14
 The Government acknowledges the remarks were improper, but contends that the court's instruction to the jury to disregard the first comment and its second instruction regarding the right to an interpreter effectively cured any prejudice that might have resulted from the prosecutor's remarks. We agree with the Government and hold that the court did not abuse its discretion in refusing to declare a mistrial on the basis of prosecutorial misconduct.
 
 
 15
 Conviction AFFIRMED.
 
 
 
 *
 Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We affirm Sherpa's sentence in a separate published opinion